**WILSON TURNER KOSMO LLP**
ROBERT A. SHIELDS (206042)
HANG ALEXANDRA DO (305839)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rshields@wilsonturnerkosmo.com
E-mail: hdo@wilsonturnerkosmo.com
E-mail: warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

**'23CV1224 L    JLB**

| | |
|---|---|
| DAVID HERNANDEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 10, inclusive.<br><br>    Defendants. | Case No. ***<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441(a), 1446]**<br><br>State Ct. Complaint Filed: May 26, 2023<br><br>Trial Date: Not set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant FORD MOTOR COMPANY ("Ford") by and through its counsel, Wilson Turner Kosmo LLP, hereby removes to this Court, pursuant to 28 U.S.C. Sections 1331, 1332, 1441(a), and 1446 the claims pending as Case No. 37-2022-00022394-CU-BC-NC, in the Superior Court of California, County of San Diego – North County. In support of this removal, Ford states as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of San Diego by Plaintiff DAVID HERNANDEZ ("Plaintiff"),

-1-    Case No. ***

entitled *David Hernandez v. Ford Motor Company*. Case No. 37-2022-00022394-CU-BC-NC (the "State Action"). Plaintiff originally filed the State Action on May 26, 2023 and served Ford on May 31, 2023. (*See* Declaration of Hang Alexandra Do ("Do Decl.", Ex. A.).

## II. PROCEDURAL REQUIREMENTS

2. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the original complaint on May 31, 2023, and the thirty (30) day deadline is June 30, 2023. (*See* Do Decl. at Ex. A.) This Notice of Removal is therefore timely filed.

3. On June 29, 2023, Ford timely filed and served its Answer to the Complaint in San Diego Superior Court. Ford's Answer is attached hereto as Exhibit B to the Declaration of Hang Alexandra Do.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings for the State Action in Ford's possession are contained in Exhibits A, and C to the Declaration of Hang Alexandra Do, filed concurrently with this Notice.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of California because this is the district in which the State Action is pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Diego, promptly after filing of the same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all parties promptly after the filing of the same in this Court.

8. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue, *forum non*

*conveniens*, or both, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims, parties, or both, (vi) failure to state a claim, (vii) failure to join indispensable parties, or (viii) any other procedural or substantive defense available under state or federal law.

### III.   PLAINTIFFS ALLEGE A FEDERAL QUESTION

10. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because it is a civil action that contains a federal question on its face.

11. The Complaint alleges, *inter alia*, violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and other causes of action regarding his 2021 Ford F-150, VIN 1FTFW1RG5MFC62291. (*See* Do Decl. at Ex. A, ¶¶ 4, 27-35.)

12. Pursuant to 15 U.S.C. 2310 "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title [15 U.S.C. § 2301 et seq.], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States." 15 U.S.C. 2310(d)(1)

13. The Magnuson-Moss Act requires that the amount in controversy equals or exceeds $50,000.00 for federal question jurisdiction. *See* 15 U.S.C. 2310(d)(3). Here, Plaintiff does not allege the damages in the Complaint. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14. The sales price for the Subject Vehicle is $118,001.76 for his vehicle. (*See* Do Decl., Ex. D, ¶ 8.) Song-Beverly provides for restitution, which is the "amount equal to the actual price paid or payable by the buyer . . . and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees,

1  plus any incidental damages to which the buyer is entitled under Section 1794,
2  including, but not limited to, reasonable repair, towing, and rental car costs actually
3  incurred by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B). Here, Plaintiff is seeking
4  restitution of at least $118,001.76, the sales price of the Subject Vehicle, well over the
5  amount in controversy requirement. (Do Decl. at Ex. A, Prayer for Relief.)

6    15. Additionally, Plaintiff seeks double the amount of restitution in the form of a
7  civil penalty. (*See, e.g.,* Do Decl at Ex. A. at ¶¶ 11, 17, 21.) Civil penalties are
8  included in the amount-in-controversy calculation for the Magnuson-Moss Act's
9  jurisdictional requirement. *See Romo v. FFC Ins. Co.*, 397 F.Supp.2d 1237, 1230
10 (C.D. Cal. 2005). Based on the restitution amount alone, this would amount to an
11 additional $236,003.52 in damages. When cumulated, Plaintiffs seek at least
12 $354,005.28 in restitution damages.

13   16. Plaintiff also seeks attorney's fees. (*See* Do Decl. at Ex. A, Prayer for Relief,
14 p. 8:7-8.) Attorney's fees are included in the amount-in-controversy calculation for the
15 Magnuson-Moss Act's jurisdictional requirement. *See Shoner v. Carrier Corp.*, 30
16 F.4th 1144, 1149 (9th Cir. 2022). Attorney's fees regularly exceed $15,000.00 for
17 cases with only modest litigation in consumer warranty matters involving the
18 Magnuson-Moss Act and California's Song-Beverly Act. (*See* Do Decl. at ¶ 11.)

19   17. Given Plaintiffs' restitution demand, civil penalty, and attorney's fees, the
20 amount in controversy well surpasses $50,000.00.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV. CONCLUSION

18. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, because there is federal question jurisdiction and the other served defendant has consented to the removal. WHEREFORE, Ford requests that the Court remove this Action from the Superior Court of California, County of San Diego, to this Court for all further proceedings.

Dated:   May 18, 2023         **WILSON TURNER KOSMO LLP**

By:   s/ *Hang Alexandra Do*
ROBERT A. SHIELDS
HANG ALEXANDRA DO
Attorneys for Defendant
FORD MOTOR COMPANY